IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SHANNON L. BROWN,                     *

    Plaintiff,                       *

    v.                                *     CIVIL NO.: WDQ-14-3874

SANTANDER CONSUMER USA, INC.,         *

    Defendant.                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Shannon L. Brown[1] sued Santander Consumer USA, Inc. ("Santander") in the Circuit Court for Baltimore City for declaratory relief[2] under the Maryland Declaratory Judgment Act.[3] ECF No. 2. Santander removed the suit to this Court. ECF No. 1. Pending are Santander's motions for judgment on the pleadings and to compel arbitration, ECF No. 9, and Brown's motion for leave to supplement her response, ECF No. 24. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the Court will remand the suit to the Circuit Court because it lacks subject matter jurisdiction.

---

[1] Brown is also known as Shannon L. Hayes. ECF No. 2 at 1.

[2] Brown urges this Court to declare that a Class Action Waiver in an arbitration agreement is invalid and unenforceable, and that the entire arbitration agreement at issue here is invalid and unenforceable. ECF No. 2 at 11.

[3] Md. Code Ann., Cts. & Jud. Proc. § 3-406 (West 2010).

I.  Background[4]

On April 9, 2011, Brown financed the purchase of a used 2007 Chrysler Aspen with a loan obtained through a Retail Installment Contract ("RIC") with Carmax. ECF No. 2 ¶ 7. Carmax assigned the RIC to Santander. Id. ¶ 9. At some time,[5] Santander repossessed the car and sold it. Id. ¶¶ 18-19. Brown alleges that Santander violated Maryland law by failing to send her pre- and post-possession notices and make a full accounting of related expenses. Id. ¶¶ 23-25. Brown further alleges that Santander routinely violates Maryland law and, thus, she has grounds to initiate a class action. Id. ¶¶ 28-34.

The RIC'S Arbitration Provision has a class action waiver stating:

> YOU GIVE UP YOUR RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF A CLASS ACTION.

Id. ¶ 35; ECF No. 2-1 at 3 (summary). The RIC elaborates:

> Class Action Waiver. You give up your right to participate in a class action. This means that you may not be a representative or member of any class of

---

[4] The facts are from the complaint and an exhibit attached to the complaint and referenced therein. ECF No. 2, 2-1. Under Fed. R. Civ. P. 10(c), "the complaint is deemed to include any . . . documents incorporated in it by reference." *Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010) (unpublished) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). The propriety of removal is determined according to the complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

[5] The date is not in the record.

> claimants or act as a private attorney general in court or in arbitration with respect to any Claim. Notwithstanding any other part of this Arbitration Provision, the validity and effect of the Class Action Waiver must be determined only by a court and not by an arbitrator. If a court limits or voids the Class Action Waiver, this this entire Arbitration Provision (except for this paragraph) will be null and void.

ECF Nos. 2 ¶ 36; 2-1 at 3 ¶ f.

Additionally, the RIC states that upon the request of either party,

> ANY CLAIM WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.

ECF No. 2-1 at 3 (summary). A "claim" is "any claim, dispute or controversy between you and us that in any way arises from or relates to this consumer credit sale, the purchase you are financing by way of this Contract." ECF No. 2-1 at 3 ¶ a. It includes "[i]nitial claims," "[d]isputes based on contract, tort, consumer rights, fraud, and other intentional torts (at law or in equity, including any claim for injunctive or declaratory relief)," and "[d]isputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract." Id.[6]

On October 24, 2014, Brown sued Santander for declaratory relief under the Maryland Declaratory Judgment Act in the

---

[6] The RIC further states that "[e]ach party must pay the expense of that party's attorneys . . . regardless of which party prevails in the arbitration, unless applicable law of this Arbitration Provision provides otherwise." ECF No. 2-1 at 3 ¶ e.

Circuit Court for Baltimore County. ECF Nos. 2, 2-2. On November 14, 2014, Santander received a copy of the complaint. ECF No. 1 ¶ 32. On December 12, 2014, Santander removed the suit to this Court. ECF No. 1.[7]

On December 19, 2014, Santander moved (1) for judgment as a matter of law in connection with Brown's claim for declaratory relief that the Class Action Waiver is invalid, and (2) to compel arbitration in connection Brown's claim for declaratory relief that the Arbitration Provision is invalid. ECF No. 9. On January 20, 2015, Brown opposed the motion. ECF No. 14. Because Brown's opposition raises the constitutionality of the Federal Arbitration Act ("FAA"),[8] on January 22, 2015, Brown informed the Court that she had notified the U.S. Attorney General pursuant to Fed. R. Civ. P. 5.1. ECF No. 10; Fed. R. Civ. P. 5.1(a) (requiring a party challenging the constitutionality of a federal statute to notify the U.S. Attorney General).[9]

---

[7] Santander asserted diversity and federal question jurisdiction. *See* ECF No. 1 at 2, 6. The Court's subject matter jurisdiction is discussed *infra* Section II.A.

[8] 9 U.S.C. § 2, *et seq.* (2012).

[9] Under Fed. R. Civ. P. 5.1(b), "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Section 2403 provides that:

> [i]n any action, suit or proceeding in a court of the United States to which the United States or any

4

II. Analysis

    A.    Legal Standard for Subject Matter Jurisdiction

    The Court begins, "as [it] must in a diversity case, by examining the basis for jurisdiction."[10]  *Mayes v. Rapoport*, 198

---

> agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(a)(2012).  Section 2403 is silent about when the Court must notify the U.S. Attorney General and does not prescribe a sanction for failure to notify; compliance is not a jurisdictional requirement.  *See id.; Dynamics Corp. of Am. v. CTS Corp.*, 794 F.2d 250, 259-60 (7th Cir. 1986) *rev'd on other grounds*, 481 U.S. 69, 107 S. Ct. 1637, 95 L. Ed. 2d 67 (1987); *Merrill v. Town of Addison*, 763 F.2d 80, 82-83 (2d Cir. 1985). Because this Court finds that it lacks subject matter jurisdiction, it will not certify the constitutional question to the U.S. Attorney General.

[10] In addition to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Santander asserts that this Court has independent jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A). Santander contends that CAFA applies because "Brown's action is, in reality, a class action complaint dressed up as an action for declaratory judgment."  ECF No. 1 ¶ 22.  However, although Brown seeks to have the Class Action Waiver declared invalid so that she may bring a class action suit, this suit is not brought on behalf of a class of plaintiffs.  *See* ECF No. 2.  In *Swan v. Santander Consumer USA*, No. CIV. PJM 14-1906, 2015 WL 1242767, at *4 (D. Md. Mar. 17, 2015), a case relied on by Santander, the Court denied a motion to remand because the amount in contro-

F.3d 457, 460 (4th Cir. 1999); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . sua sponte by the court."); *State v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990) (*sua sponte* reversing district court's judgment on the merits for lack of subject matter jurisdiction, and remanding with instructions to remand to state court).[11] The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).[12] Because removal raises

---

versy exceeded CAFA's requirements. There, however, the plaintiffs sought to represent a class of Maryland residents whose cars Santander had repossessed. Similarly, in *Galloway v. Santander Consumer USA, Inc.*, No. CIV. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014), another case relied on by Santander, the plaintiff purported to represent a class. Here, as noted above, Brown--at this stage--does not seek to represent a class; thus, CAFA does not provide a basis for removal to this Court.

[11] *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

[12] Santander contends that "removal is appropriate unless the Plaintiff shows 'that it is legally impossible for [either party] to recover the jurisdictional amount.'" ECF No. 1 ¶ 16 (quoting *Cabeza v. Richey Law & Associates*, No. CIV. WDQ-13-3511, 2014 WL 4635381, at *4 (D. Md. Sept. 16, 2014)). However, *Cabeza* actually states that "[a] defendant seeking dismissal based on the amount in controversy must show that it is legally impossible for the plaintiff to recover the jurisdictional amount." 2014 WL 4635381, at *4. Thus, *Cabeza* does not shift the burden to Brown to prove subject matter jurisdiction; the burden remains firmly on Santander.

"significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

B.   The Court's Subject Matter Jurisdiction

Santander contends that this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. ECF No. 1 ¶¶ 3-6, 20. Brown's complaint seeks equitable relief, not damages. ECF No. 2 at 11.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); *Mostofi v. CitiMortgage, Inc.*, No. CIV.A. DKC 11-2177, 2011 WL 4596225, at *3 (D. Md. Sept. 30, 2011). The Fourth Circuit applies the "either-viewpoint" rule in determining the value of the object of the litigation. *See Government Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964). Under the "either-viewpoint" rule, the amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than $75,000. *Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002); *Void v. One W. Bank*, No. CIV.A. DKC 11-0838, 2012 WL 113443, at *1 (D. Md. Jan. 12, 2012). In applying the

rule, the Court must consider the "direct pecuniary" impact on either party. *Mostofi*, 2011 WL 4596225, at *3.

Here, Brown alleges that she is not liable to Santander because it violated Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Comm. Law § 12-1001, *et seq*. ECF No. 2 ¶ 33. Brown's outstanding balance owed to Santander is about $22,109.24. ECF No. 1 ¶ 20.[13] Santander has collected about $14,856.68 in interest and other charges; if found liable under the CLEC, the amount in interest and other charges would be trebled. *See* Comm. Law § 12-1018(a)(2),(b).

---

[13] Santander asserts that it "has incurred and will incur" more than $10,000 in attorneys' fees "in connection with this action and enforcement of the [RIC]." *Id*. Attorneys' fees are generally excluded from the amount in controversy unless provided for by contract or statute. *See Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Burdette v. ReliaStar Life Ins. Co.*, No. CIV.A. 2:06-0210, 2006 WL 1644234, at *2 (S.D.W. Va. June 12, 2006). Although Santander contends--without citation to the applicable provision--that its attorneys' fees "are recoverable" under the RIC, the RIC states that each party must pay its own attorneys' fees "regardless of which party prevails in the arbitration, unless applicable law of this Arbitration Provision provides otherwise." ECF No. 2-1 at 3 ¶ e. The Arbitration Provision does not appear to state otherwise. The FAA--which governs the Arbitration Provision--does not provide for attorneys' fees. ECF No. 2-1 at 3 ¶ I. "Maryland follows the common law 'American Rule,' which states that, generally, a prevailing party is not entitled to recover its attorney[s'] fees" unless "the parties to a contract have an agreement to that effect that authorizes recovery of attorney fees." *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 799 F. Supp. 2d 537, 542 (D. Md. 2011)(internal quotation marks and citations omitted). Accordingly, the Court will not consider Santander's attorney's fees in determining the amount in controversy.

8

However, Brown does not seek a declaration voiding her obligations under the RIC or finding Santander liable under the CLEC. *See* ECF No. 2 at 11. Rather, Brown seeks declarations that the Class Action Waiver and the Arbitration Provision are invalid. *Id.* Granting Brown's requested relief would *not* result in a "direct pecuniary" impact on either party; at most, it would permit Brown to file a class action suit and litigate her claim(s) in court. *Cf. Void*, 2012 WL 113443, at *1 (amount in controversy requirement satisfied when granting requested declaration that promissory note and deed of trust were void would result in defendant being unable to foreclose on property and collect $687,588.90 outstanding balance); *Mostofi*, 2011 WL 4596225, at *3 (amount in controversy requirement satisfied when plaintiff sought declaration limiting maximum interest rate). Although a class action suit may ultimately involve far more than $75,000, *see* ECF No. 1 ¶ 18, grounds for removal must rise "above the speculative level." *Heirs of Deskins v. Consol Energy, Inc.*, No. 1:11CV00069, 2012 WL 503636, at *1 (W.D. Va. Feb. 15, 2012); *Butler-El v. Maryland, Inc.*, No. CIV.A. JFM-12-2707, 2012 WL 4846769, at *1 (D. Md. Oct. 9, 2012). Accordingly, Santander has not carried its burden of proving that the amount in controversy requirement has been met; thus, this Court lacks subject matter jurisdiction and will remand the

suit. *Md. Stadium Auth.*, 407 F.3d at 260 (all doubts about removal must be resolved in favor of remand).

III. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction and will remand the suit to the Circuit Court for Baltimore City.

_8/13/15_
Date

_____
William D. Quarles, Jr.
United States District Judge